## 29624. MAUNEY *v.* HARTFORD ACCIDENT & INDEMNITY CO.

DECIDED DECEMBER 4, 1942.

*Stanford Arnold,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy,* for defendant.

STEPHENS, P. J. Frank L. Mauney instituted suit on an indemnity bond against Miller & Walden Inc., as principal, and Hartford Accident & Indemnity Company as surety. To the petition the surety filed general and special demurrers. The court overruled the general demurrers and the surety excepted. This court reversed that judgment. *Hartford Accident &c. Co.* v. *Mauney,* 66 *Ga. App.* 403 (17 S. E. 2d, 885). Application to the Supreme Court for certiorari was denied. For a statement of the case as made by the original petition as amended see the former decision.

On February 7, 1942, and after the return of the remittitur of this court, but before the judgment of the trial court making the remittitur from this court its judgment, the plaintiff filed, subject to demurrer, an amendment to the petition as first amended. The gist of the plaintiff's case, as appeared from the original petition, was that the surety was liable to the plaintiff on the indemnity bond because of the alleged negligent moving by the contractor, the principal in the bond, of the building on the property to the adjoining property, and the alleged wrongful procuring by such

contractor of the money to pay the bills for labor and material used to move this building and to construct the filling-station for the plaintiff on drafts drawn by the contractor on the Bank of Union Point without having attached thereto "paid bills" together with affidavits showing that the material and labor for which the drafts were drawn had been fully paid for.

The bond sued on contained the following conditions: "1. The obligee shall, at the times and in the manner specified in the contract, fully comply with all the terms thereof, and if the obligee default in the performance of any matter or thing agreed or required in this bond, or in the contract, the surety shall thereupon be relieved of any liability hereunder. . . 8. None of the conditions or provisions contained in this bond shall be deemed waived or altered by the surety unless the written consent to such waiver or alteration be duly executed by its authorized officers and its seal be duly affixed thereto. . . 11. And the obligation of the surety is and shall be construed strictly as one of suretyship only." Under the contract between the plaintiff, the obligee in the bond, contractor, and the principal in the bond, the latter agreed to build a filling-station for the plaintiff on the lot from which the building was removed, according to certain plans subject to approval by the Sinclair Refining Company. The contractor agreed to furnish all labor and material used in the construction of the filling-station and in the moving of the building from the lot. The contract price was payable as follows: "First party [contractor] shall each two weeks after construction work has begun, attach to the draft such paid bills as first party desires paid, with an affidavit that all material and labor used to such date has been fully paid for, and addressing same to Bank of Union Point, Union Point, Georgia, drawn against the account of second party [plaintiff], which amounts second party agrees to pay." The condition of the bond was that if the contractor or principal should indemnify the obligee against loss and damage directly caused by the failure of such contractor faithfully to perform the work the bond should be void, otherwise it should be effective.

This court, in its decision of this case, held that the original petition showed that the plaintiff, without obtaining the written consent of the surety as provided in the conditions of the bond, changed the terms of payment provided for in the contract. The

gist of the petition as now amended is that the contractor, having undertaken to build the filling-station for $3930, which undertaking was guaranteed by the surety under the bond, had failed to complete the contract with the plaintiff within the time specified; that it was necessary for the plaintiff to employ other contractors to complete the work and build the filling-station; and that the plaintiff, in so completing such job and in fulfilling the contract of the contractors, had expended $1500. In his petition as now amended the plaintiff sought to recover such $1500 together with $255 as loss of rent on the filling-station, which he claimed was directly caused by the delay in completing the station, caused by the failure of the contractor to complete the contract within the time specified. To the petition as thus amended the surety company again generally demurred on the ground that it affirmatively appeared from such amendment, together with the exhibits thereto, that payments had been made under the contract in a manner contrary to the provisions thereof, the contract providing that the drafts would be honored when there were attached to them "such paid bills as first party desires paid, with the affidavit that all material and labor used to such date has been fully paid for," and that the plaintiff by otherwise making payments under the contract varied its terms and discharged the surety. In the petition as amended the plaintiff contended that the surety had waived its right to claim a release on account of such payments, for the reason that the surety had knowledge thereof.

The plaintiff based this contention on two letters, which are attached to the amendment. One of these letters is to the contractor and is as follows: "I call to your attention the following paragraph in contract: First party shall, each two weeks after construction work has begun, attach to a draft such paid bills as first party desires paid, with an affidavit that all material and labor used to such date has been fully paid for, and present same to Bank of Union Point, Union Point, Georgia, drawn against the account of second party, which amounts second party agrees to pay. I wish to call your attention further to the following paragraph in the bond signed by the Hartford Accident and Indemnity Company, Hartford, Connecticut: The obligee shall, at the times and in the manner specified in the contract, fully comply with all the terms thereof, and if the obligee default in the performance of

any matter or thing agreed or required in this bond, or in the contract, the surety shall thereupon be relieved of all liability hereunder. I have authorized payments of drafts only in compliance with the terms of the agreement. The drafts returned to me by the bank seem to indicate that you have drawn a large amount to this date. I must insist that in drawing these drafts the terms of the contract be fully complied with." This letter shows that a copy thereof was forwarded to the surety.

The other letter is from the surety to the plaintiff's attorney and is as follows: "You ask us to state immediately whether we are going to see that the principal complies with the contract, or whether we are going to turn the matter over to your client. We are informed by Mr. Daughtry, with whom you conferred, that the principal is actively engaged in completing the contract and has made an arrangement to pay Binns. We hope that by the time this reaches you your client will have been satisfied. So long as a contractor has not been declared in default, formally and pursuant to the terms of the contract, we have no occasion to consider what attitude we should take in the event of a declaration of default. We are not well informed about the case. As we understand the situation the arrangement with the bank was made after the contract to which our bond relates and was external to it, although it modified the contract. If this is the correct understanding, we do not think that either you or Mr. Mauney would really consider that there is anything unfair in our objecting. No doubt Mr. Mauney made this arrangement [sic] with the idea of being helpful. We hope that there will be no occasion to have any controversy with him; certainly, we desire to co-operate with him and to do this even in the face of a difference of opinion. Nevertheless, in doing so it must be understood that we reserve all rights and defenses. From what Mr. Daughtry has told us we expect to hear very shortly that the trouble is all over. We think it would be much more convenient for you to deal with us through Mr. Daughtry. Since we have had an opportunity to make his acquaintance, we hope that you will be well satisfied to do this."

There is nothing in the foregoing letters that could be construed as a waiver by the surety of its right to insist on performance by the plaintiff, as obligee in the bond, of his obligation to make payments to the contractor as provided in the building contract, and

not to depart from the terms of such contract. The law of the case as laid down in the former decision and the petition as now amended show a departure by the plaintiff from the terms of the contract in making payments to the contractor, and it does not appear therefrom that the surety has either expressly or impliedly waived the conditions of the bond or waived its right to claim a discharge as surety because of a failure of the plaintiff to comply with the requirements of the bond contract, in that the plaintiff failed to make payments to the contractor in conformity with the terms of the contract, which failure tended to increase the risk of the surety and discharged it. Accordingly, under the rule of the law of the case, the petition as now amended was subject to the general demurrer thereto by the surety company, and the court did not err in sustaining the demurrer and in dismissing the action. *Judgment affirmed. Sutton and Felton, JJ., concur.*